(No. 4385.  Decided March 26, 1903.)

JAMES N. FOYE et al., Respondents; v. ALBERT SHORE et ux., Respondents, WILLIAM F. MELOY et al., Appellants.

Appeal from Superior Court, Pacific County.—Hon. ALONZO E. RICE, Judge.  Affirmed.

W. B. Stratton and H. W. B. Hewen, for appellants.

Sol. Smith, John T. Welsh and Martin C. Welsh, for respondents.

PER CURIAM.—This is a suit to remove a cloud from and quiet title to real property.  On August 19, 1899, the respondents, Albert Shore and his wife, Sarah A. Shore, owned as community property certain land situated in Pacific county, known and described as lots 14 and 15, of a certain section, township, and range.  On the day named Albert Shore entered into an agreement in writing, by the terms of which he agreed to convey lot 14 to the respondents James N. Foye and James E. Foye, on the payment to him of the sum of five hundred dollars in five monthly installments, the first of which he acknowledged receipt.  On May 14, 1900, Shore and wife, for the recited consideration of one dollar, conveyed lot 14 by warranty deed to the appellant, William F. Meloy, who in turn, on February 12, 1901, conveyed it to the respondent A. A. Nicol.  On June 18, 1900, after the conveyance to Meloy, but before the conveyance from Meloy to Nicol, Shore and wife conveyed the property to James N. Foye and James E. Foye, pursuant to the contract first mentioned.  It is the contention of the respondents that the deed from Shore and wife to Meloy was a mutual mistake, it being intended thereby to convey lot 15, instead of lot 14, and that the deed from Meloy and wife to Nicol was taken by Nicol with knowledge of all the facts, and that he was not an innocent purchaser for value.  The court found in accordance with this contention, and entered a decree setting aside the deeds from Shore and wife to Meloy, and from Meloy to Nicol, as a cloud upon the title of the respondents Foye.  Meloy and Nicol appeal.

The questions presented by the appeal are wholly questions of fact.  The able and industrious counsel seem to have brought in evidence every fact surrounding the several transactions which tend even in the remotest degree to throw light upon

them, and have made a somewhat voluminous record. Among it all there is much that seemingly makes against the conclusions of the trial court, but on the whole we think its findings are amply sustained. It would be of no value as a precedent, nor would it subserve any useful purpose otherwise, to set out and review the evidence at length. Suffice it to say, therefore, that we have examined the record with care, and fail to find anything to justify a reversal of the judgment.

Affirmed.